The State of Iowa, Appellant, v. Des Moines &
Kansas City Railway Company, Appellee.

Railroads: DUTY TO MAINTAIN STATIONS: ORDER OF COMMISSIONERS:
    IRRELEVANT INQUIRY.  The distance between the points at which the
    defendant's road crossed two other railroads was about fourteen
    miles, and about midway between these points the defendant had
    for some years maintained a station called L.  Afterwards it aban-
    doned this station and established two others in lieu thereof, in such
    way as to divide the fourteen miles into three nearly equal parts.
    The evidence showed that the two stations would tend to increase
    the traffic of the defendant, and that they would accommodate the
    patrons of the road between the points of intersection better than one
    station at L.  Held, that an order of the railroad commissioners,
    made upon complaint of residents at L., requiring the defendant to
    maintain its station at L., was unreasonable and without warrant,
    and that the complaint that the newly established stations were not
    well maintained was irrelevant to the inquiry as to where the defend-
    ant's stations should be located.

*Appeal from Polk District Court.*—Hon. C. P. Holmes,
Judge.

Friday, February 3, 1893.

This is an action founded upon an order of the
railroad commissioners requiring the defendant to
re-establish and maintain a station on its line of rail-
road at a place called "Leslie." The district court,
after hearing the testimony of a large number of wit-
nesses, entered a decree dismissing the petition. The
plaintiff appeals.—*Affirmed.*

*John Y. Stone*, Attorney General, and *Cole, McVey
& Cheshire*, for appellant.

*Kauffman & Guernsey*, for appellee.

Rothrock, J.—I.  The defendant is the owner of
a railroad which it operates from Des Moines, Iowa, to

Cainsville, in the state of Missouri. It passes through Osceola, the county seat of Clarke county, where it crosses the main line of the Chicago, Burlington & Quincy Railroad. About fourteen miles south of Osceola, it crossed the Keokuk & Western railroad, at a station called "Van Wert." The Keokuk & Western road runs from Keokuk to Van Wert, where it connects with the Humeston & Shenandoah Railroad, which runs west to Shenandoah. The defendant's road was constructed to the points named in 1882, and at that time a station named "Leslie" was located at a point about midway between Osceola and Van Wert. The defendant's railroad is what is called a "narrow gauge," and the evidence shows that, some time after it was constructed, it fell into the hands of a receiver, and was sold to the defendant in March, 1888. Soon thereafter the managing officers of the defendant decided to divide up the territory between Osceola and Van Wert by putting in two stations instead of one. The plan was to make the stations about equidistant. To accomplish this purpose, it was necessary to abandon or remove the station called "Leslie." A station called "Phillipsburg" was established at a point five miles south of Osceola, and another station called "Green Bay" was established five miles south of Phillipsburg; so that the distances between stations on that part of the line were approximately five miles. The residents in and about Leslie made complaint of this change in the stations, and petitioned the railroad commissioners to make an order that the station at Leslie be re-established as it was before the change was made. An investigation was made by the commissioners, and a majority of them made the order upon which this action is founded.

A very large number of witnesses were examined upon the trial in the district court. It is not our purpose to attempt to set out their testimony in this

opinion. A careful examination of it has led us to the conclusion that the district court rightly determined that the order was not reasonable and proper. As we view the evidence, the wants of the people residing in the territory between Osceola and Van Wert, and within convenient distance of the defendant's road, are as well or better accommodated with railroad facilities than they would be with one station located at Leslie. Counsel for the appellant do not really dispute this proposition. We find the following language in their argument: "If the defendant road has established by the evidence that it has maintained two stations, one at Green Bay and one at Phillipsburg, as they maintained previous to January 1, 1889, the station at Leslie, then we admit that two stations thus maintained would probable accommodate the public along the line of the defendant's railway between Osceola and Van Wert at least equal to the one station at Leslie; but we shall show from the record that the stations at Green Bay and at Phillipsburg are mere sidings, and have never been maintained in any proper sense as stations." There is no doubt that there is a large preponderance of the evidence to the effect that more of the patrons of the road can be accommodated with two stations than with one. Indeed, it appears to us that this is a fact which does not require the testimony of witnesses to establish. It is a self-evident fact. There might be a case where, owing to the topography of the country, and the condition of roads and approaches to the stations, the questions would be debatable; but there is no such condition of things in this case.

It appears from the above extract from the argument of the appellant that the complaint is not so much that the station house was removed from Leslie, and the station abandoned, as that the stations at Green Bay and at Phillipsburg are not properly maintained. It will be time enough to determine that question when

a formal complaint is made to compel better facilities at those stations. It is true that the stations on the line of this road are not maintained as they are on other lines in this state. It is a narrow gauge road, and the evidence shows that since 1889 it has been operated at a loss of one hundred dollars a day of actual outlay, without expending anything for maintaining the property. There is nothing in the case which tends to show that the managers of the road had any intention to deprive any one of proper facilities for transacting business with the company. The income of the road did not warrant the maintenance of expensive stations, but demanded the strictest economy. It was thought by the management that, by establishing two stations at points nearer the junction of the other roads named, the defendant would be able to control more traffic, by being nearer to the inhabitants residing in the vicinity of Osceola and Van Wert. It appears to us that the owners of the road should not be interfered with in the management of their property, including the location of their stations, where, as in this case, there is no competent evidence that any patron of the road has been deprived of reasonable facilities for transacting business with the defendant.

II. Counsel have presented and discussed the question whether, under the statute, the railroad commissioners have the power to order a station established at. any point except at the junction of lines of road. We do not determine that question, because it is not necessary to do so in this case.

The decree of the district court is AFFIRMED.