J. R. Campbell, Appellant, v. J. E. Eldridge et al., Appellees; Board of Railroad Commissioners, Interveners.

June 26, 1928.

O. M. *Slaymaker* and R. E. *Killmar,* for appellant.

J. O. *Watson,* for J. E. Eldridge and Hawkeye Motor Stages, appellees.

*J. H. Henderson* and *Stephen Robinson,* for Board of Railroad Commissioners, interveners, appellees.

WAGNER, J.—On February 16, 1926, the applicant, J. R. Campbell, in due and legal form, made application to the board of railroad commissioners for a certificate of convenience and necessity to operate as a motor carrier between Osceola and Des Moines, proposing therein to serve the following towns and cities: Osceola, Indianola, and Des Moines (Liberty and Jefferson Heights being rural stops).

J. E. Eldridge was, at that time, the owner of Certificate of Authorization No. 47, he being thereby privileged to operate between Indianola and Des Moines. C. C. Richardson, or the Iowa Motor Transit Company (Richardson being the sole owner of said company), was the lessee under said Certificate No. 47. The Iowa Motor Transit Company was also, at that time, the owner of Certificate of Authorization No. 13, being thereby privileged to operate between Indianola and Osceola. Eldridge and the Iowa Motor Transit Company filed written objections to the application, alleging therein, in substance, that the granting of the certificate applied for will not promote the public convenience and necessity; that the Iowa Motor Transit Company is furnishing adequate and complete service to the public over the route applied for by the applicant; and that, in the event that the Iowa Motor Transit Company should fail to do so, J. E. Eldridge would then operate under Certificate No. 47, and furnish the required service between Indianola and Des Moines; and that the granting of the certificate of authorization applied for would cause competing service, which would damage the business of the Iowa Motor Transit Company and destroy the efficiency of the service to the public.

The applicant, by way of reply to the objections of Eldridge, alleges, in substance, that he has no right or interest that would be affected by the granting of the application, and is not a proper party to make objections.

The hearing before the commission was begun on March 26, 1926, and after the taking of evidence during the day, the hearing was continued indefinitely until such time as the board of railroad commissioners might determine. It appears that,

on April 30, 1926, a complaint by L. B. Webster, A. F. Wade, and J. R. Campbell was filed, asking for the revocation of the certificate of authorization under which the Iowa Motor Transit Company was operating between Osceola and Des Moines. On May 27, 1926, a hearing was begun as to said complaint, and after a session of one day, adjournment was taken as to said matter until such time as the commission might determine. July 7, 1926, was ultimately fixed as the time for the continuation of said hearings.

It appears that the Iowa Motor Transit Company abandoned operation on the route between Osceola and Indianola on, or shortly prior to, the 17th day of June, 1926. The commission revoked the Certificate of Authorization No. 13 which had been issued to the Iowa Motor Transit Company, whereby it, or Richardson, the owner thereof, was privileged to operate between Indianola and Osceola; and this ruling by the commission is in no way involved in this appeal.

Relative to the application sought by Campbell, the commission made the following record:

"The board, having found, after public hearing, that part of the service proposed in the above-named case will promote the public convenience and necessity, directs that certificate issue for that part of the proposed route located between Osceola and Indianola, as soon as the applicant has complied with the preliminary requirements of the law and the rules and regulations governing the operation of motor carriers in Iowa. Certificate of convenience and necessity for that part of the proposed route located between Indianola and Des Moines is denied."

The applicant appealed to the district court of Clarke County from so much of the finding and decision of the board of railroad commissioners as denied him the right to operate between Indianola and Des Moines. On the hearing in the district court, the action of the board of railroad commissioners relative to the matter involved in said appeal was affirmed. From this ruling of affirmance the applicant has appealed to this court.

The appellant asserts that Eldridge is not a proper party to make objections, and alleges that the board of railroad commissioners erred in allowing him to appear in the original pro-

ceedings and interpose objections to the granting of the application. Section 8, Chapter 5, of the Laws of the Forty-first General Assembly (now Section 5105-a15 of the Code of 1927), provides that any person whose rights or interests may be affected, shall have the right to make written objections to the proposed application. Is Eldridge such a person? It is provided by Section 11, Chapter 5, of the Laws of the Forty-first General Assembly (now Section 5105-a25, Code of 1927), that:

"No certificate of convenience and necessity shall be sold, transferred, leased, or assigned until the motor carrier shall have operated thereunder for at least ninety days' continuous service, nor shall any contract or agreement with reference to or affecting any such certificate be made, except with the written approval of the commission."

"Motor carrier," in so far as the matters under consideration herein are concerned, is defined by Section 1, Chapter 5, of the Laws of the Forty-first General Assembly (now Section 5105-a1 of the 1927 Code), as any person operating any motor vehicle upon any highway in the state. The original Certificate of Authorization No. 47, to operate between Indianola and Des Moines, was issued on May 26, 1924, to Frank Douglas; and on December 3, 1924, said certificate was transferred, with the approval of the commission, to R. L. Conard. In April, 1925, with the approval of the commission, a lease was executed by Conard to C. C. Richardson (Iowa Motor Transit Company), giving the lessee the right to exercise all of Conard's rights and privileges under his certificate of authorization. Prior to the execution of said lease, during Conard's ownersip of said certificate, and prior to the time of the execution of said lease, he was operating under said certificate. This constituted more than ninety days' continuous service, required by our statutory law. He was, therefore, legally entitled to sell, transfer, lease, or assign his rights thereunder. On December 8, 1925, Conard, with the written consent of the lessee, Richardson (Iowa Motor Transit Company), and with the approval of the commission, transferred all his right, title, and interest in said certificate to Eldridge. It is thus manifest that Eldridge is a person whose rights or interests would be affected by the granting of

the proposed application, and is a proper party to make objections thereto. Appellant's contention at this point is without merit. The Hawkeye Motor Stages, Incorporated, is the assignee of Richardson (Iowa Motor Transit Company), having become such by written assignment on June 28, 1926, before the decision by the commission, and as such assignee, it becomes an interested party to the proceedings.

The appellant contends that the court erred in permitting the commission, over objection, to appear by the commerce counsel and participate in the hearing before it. It is provided by Section 7919 of the Code of 1924 that the commerce counsel shall appear for the board of railroad commissioners in all actions instituted in any state or Federal court, wherein is involved the validity of any rule, order, or regulation of said board. It is thus manifest that the commerce counsel had legal authority to appear for and in behalf of the commission on the hearing before the district court.

Appellant's remaining assignments of error present only the same questions determined by us at this same sitting of the court in the two cases entitled *In re Appeal of Beasley Brothers,* 206 Iowa 229, and *In re Application of Waterloo, C. F. & N. R. Co.,* 206 Iowa 238.

The commission granted appellant a certificate of authorization as between Osceola and Indianola, but denied the same as between Indianola and Des Moines. Under Section 8, Chapter 5, of the Laws of the Forty-first General Assembly (now Section 5105-a18 of the Code of 1927), the commission may grant the application in whole or in part upon such terms, conditions, and restrictions, and with such modifications as to schedule and route, as may seem to it just and proper. The proposed route of the applicant from Osceola to Indianola is the same as that over which Richardson (Iowa Motor Transit Company) previously operated. After the revocation of Richardson's certificate, there was not in existence any certificate of authorization for the operation of motor busses between said two points. The proposed route of the applicant between Indianola and Des Moines is identical with the route over which motor busses are operated under Certificate No. 47.

The Chicago, Rock Island & Pacific Railroad Company also operates a railroad between Indianola and Des Moines, and the Chicago, Burlington & Quincy Railroad Company operates one between Osceola and Des Moines.

It is unnecessary to further particularize with reference to the evidence. It is sufficient to say that there is evidence in support of the findings and conclusion of the commission, and nothing to show an unreasonable or arbitrary abuse of power. It is shown by the record that the board of railroad commissioners had jurisdiction, and it is not shown that said board, in the determination of the matter before it, acted illegally or without authority. It is not for the district court or this court to determine whether the board acted wisely, nor can the court substitute its judgment for that of the commission. This was the view of the district court.

We deem it unnecessary to enter more fully into a discussion of the propositions urged by the appellant, as they are fully answered by the two cases hereinbefore mentioned, determined at this same sitting of the court, and by the authorities therein cited.

No error of law on the part of the commission is shown by the record, and the judgment of the district court is hereby affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.