41 N.W.2d 98 (1950)
Application of ILLINOIS CENT. R. CO.
HAAS et al.
v.
IOWA STATE COMMERCE COMMISSION.
No. 47578.
Supreme Court of Iowa.
February 7, 1950.
D. C. Nolan, of Iowa City, for appellants.
Ernest Porter and George Cosson, Jr., of Des Moines, for appellee.
WENNERSTRUM, Justice.
This appeal has developed by reason of the application of the Illinois Central Railroad Company to the Iowa State Commerce Commission for a certificate of public convenience and necessity to operate as a motor carrier which certificate was granted. Section 325.7, 1946 Code, I.C.A. Subsequent to the decision of commission the objectors, U. J. Haas and Cyril H. Wissel, doing business as the H & W Motor Express Company, appealed to the Dubuque District Court. Section 325.21, 1946 Code, I.C.A. That court affirmed the decision of the commission and the objectors have appealed to this court. Section 325.24, 1946 Code, I.C.A.
*99 The railroad company in its original application filed with the commission sought a certificate of public convenience and necessity on the following six routes: "Route No. 1between Dubuque and Waterloo and twelve intermediate points distance 91 miles. Route No. 2between Waterloo, Charles City and the Minnesota State Line and twelve intermediate pointsdistance 109 miles. Route No. 3between Waterloo and Fort Dodge and twelve intermediate pointsdistance 112 miles. Route No. 4between Fort Dodge and Cherokee and nine intermediate pointsdistance 66 miles. Route No. 5 between Cherokee, Rock Rapids and the Minnesota State Line and ten intermediate pointsdistance 91 miles. Route No. 6 between Cherokee, LeMars and Sioux City and nine intermediate pointsdistance 69 miles."
In the application which was presented to the commission it was suggested that the proposed certificate be subject to the following conditions and limitations. "(1) The service to be performed by the Certificate holder shall be limited to service which is auxiliary to or supplemental of the rail service of said certificate holder. (2) Said Certificate holder shall not serve nor interchange traffic at any point not a station on its rail line. (3) All traffic shall be transported at rail rates and on rail billings. (4) No shipments shall be transported by the certificate holder solely as a common carrier by motor vehicle, from or through Waterloo, on the one hand, to or through Fort Dodge, on the other hand, nor from or through Fort Dodge to or through Waterloo. (6) Freight originating at Cedar Falls destined to Fort Dodge and freight originating at Fort Dodge destined to Cedar Falls shall not be transported solely as a common carrier by motor vehicle."
It is disclosed by the record that the express company has had a contract with the railroad company since 1942 for the transportation of less than carload freight. It is terminable upon thirty days notice by either party. The service furnished by the express company is restricted to the route on which it operated from Waterloo east to Dubuque. No such service is furnished from Dubuque west. The express company has one truck which is used exclusively in handling the railroad company freight on its east bound run. It is shown that the express company during one particular month handled approximately 2½ times as much freight on its west bound run as on its east bound run, excluding the railroad company business. In that particular month approximately 500,000 pounds of railroad company freight was handled on the east bound express company run. It is shown by the testimony presented on behalf of the railroad company that when it had shipments of less than carload lot freight to intermediate points between Dubuque and Waterloo they were moved by railroad to Waterloo 91 miles to the west of Dubuque and then transported by the express company on east bound trucks. It is the contention of the railroad company that shipments to these intermediate points are delayed in delivery from 24 to 48 hours because of the one way service under the present arrangements. It is claimed that under the proposed plan, the time of delivery of west bound freight to intermediate points between Dubuque and Waterloo would be shortened from one to two days.
Testimony was also presented that the railroad company would make a savings of the usage of 50 freight cars per month and that it would be more economical if the proposed plan is carried out. It is the claim of the railroad company that its freight car shortage would be in part relieved.
The record discloses that the arrangements between the railroad company and the express company have been satisfactory to both parties, that the express company is willing to negotiate for a long term contract on the present arrangement and will consider and negotiate on the basis of handling less than carload freight shipments on an east to west route covering the intermediate points between Dubuque and Waterloo.
*100 The one phase of the application on which the appellants in this court seek reversal pertains to the proposed route between Dubuque and Waterloo and in part between Waterloo and Fort Dodge. They have heretofore been referred to as proposed routes numbers 1 and 3.
The appellant contends that the commission, in its decision, stated that the purpose of the certificate granted in its order was to permit the railroad company to offer intrastate service the same as is available under an interstate certificate issued to it but the appellant maintains that the commission did not place a key point restriction on the Dubuque-Waterloo run as is included in the railroad company's interstate certificate. It is further contended that the commission's certificate grants free and unrestricted transportation between these points but did include such restrictions to the proposed Waterloo and Fort Dodge run. The appellant asserts that the commission failed to require prior or subsequent rail movement as was imposed by the opinion of this court in the case of Thomson v. Iowa State Commerce Commission, 235 Iowa 469, 15 N.W.2d 603.
The appellant summarizes its grounds for reversal by alleging that the court erred in affirming the decision of the commission in that it acted arbitrarily, unreasonably and unlawfully in granting a certificate of public convenience and necessity in that it duplicated existing facilities of the same type and character and that such decision was in conflict with and contrary to previous decisions of the Iowa State Commerce Commission, the Interstate Commerce Commission, and with decisions of courts of last resort which have ruled upon similar type cases. The appellant also maintains that the trial court erred in affirming the decision of the commission and that its actions were arbitrary, unreasonable and unlawful in that it failed to follow the precedents and law of this state as incorporated in the opinion of this court in Thomson v. Iowa State Commerce Commission, supra.
I. We have previously held that in an appeal from an order of the commission the district court is limited to a review of law questions which would include the determination whether the commission has exceeded its jurisdiction, whether the order is supported by the record and whether the commission's decision is wholly arbitrary and unreasonable. In re Application of Waterloo, Cedar Falls and Northern Railway Co., 206 Iowa 238, 242, 243, 220 N.W. 310. The district court does not review the decision of the commission de novo. In re Appeal of Beasley Bros., 206 Iowa 229, 237, 220 N.W. 306. In Re Application of Waterloo Cedar Falls & Northern Railway Co., supra this court stated [206 Iowa 238, 220 N.W. 312]: "* * * If the finding and order of the commission was legal in all particulars, then it must be affirmed. If there were infirmities of jurisdiction, or procedure, or other illegality, then it should be reversed. * * *"
The trial court in the instant case held that the determination of the question whether the proposed service would promote public convenience and necessity is a legislative question as distinguished from a judicial one and consequently is not subject to review by the court. It also held that the decision of the commission was not so unreasonable and arbitrary as to justify a reversal. We are of the opinion that the trial court's rulings and conclusions are proper.
The evidence presented in the hearings before the commission was not too inclusive but it did show that the communities that would be served by the proposed service would be benefited by more prompt freight delivery and that the railroad as the result of it would not be required to use a number of its cars for less than carload lot shipments. We are of the opinion that the commission can and should consider the general transportation problem that affects this state as well as the nation as a whole. It is not alone restricted to the evidence that is presented at the hearing but may take into consideration other factors and information of which it has knowledge. In re Application of Waterloo, Cedar Falls & Northern Railway Company, supra.
*101 Other decisions of this court wherein comments are made relative to the issues referred to in this division of this opinion are: Campbell v. Eldridge, 206 Iowa 224, 229, 220 N.W. 304; Burlington Transportation Co. v. Iowa State Commerce Commission, 230 Iowa 570, 298 N. W. 631; Thomson v. Iowa State Commerce Commission, 235 Iowa 469, 15 N.W.2d 603 and In the Matter of the Application of the National Freight Lines, Inc., Iowa, 40 N.W.2d 612.
II. It is the contention of the appellants that the commission did not follow the rule of law as it is claimed to have been announced in Thomson v. Iowa State Commerce Commission, supra. It is true that in the cited case this court held that this certificate issued should [235 Iowa 469, 15 N.W.2d 611] "be limited to transportation of commodities previously moved into the area by rail or destined for further movement by rail." The appellants maintain that such a restriction should be applied to any certificate that might be granted to the railroad company in this case. On the other hand the commission takes the position that this court restricted the certificate issued in the Thomson case because that was the theory upon which the hearing was had and that the Northwestern had sought nothing more.
It is disclosed by the appellee commission's brief that in a supplemental proceeding before it wherein the Northwestern sought a change in the prior order the commission's decision provided "* * * that the restriction requiring a prior or subsequent rail movement * * * be eliminated."
It will thus appear that the commission has changed its position and attitude in connection with such matters. It should be kept in mind that in the Thomson case this court merely approved the restrictions as to prior and subsequent rail movement because that was what the Northwestern had originally sought.
In the instant case the commission included in its decision the following: "* * * We further find that service to be performed by applicant shall be limited to that which is auxiliary to or supplemental of its rail service; that applicant shall not serve nor interchange traffic at any point or station not on its rail line; that all traffic shall be transported at rail rates and on rail billings; that no shipments shall be transported solely as a common carrier by motor vehicle, from or through Waterloo, on the one hand, to or through Fort Dodge, on the other hand; nor from or through Fort Dodge to or through Waterloo; and that freight originating at Cedar Falls destined to Fort Dodge and originating at Fort Dodge and destined to Cedar Falls shall not be transported solely as a common carrier by motor vehicle."
This restriction and limitation was included in the certificate issued to the railroad company.
In making its decision and ruling the commission was acting within its administrative and legislative province as has heretofore been commented upon. We cannot hold that its decision was unlawful and arbitrary and at variance with our holding in the Thomson case.
III. The appellee commission in the district court moved to dismiss the appellant's appeal because of its failure to file a petition in accordance with Rule 368, R.C.P. The trial court overruled this motion. We have passed upon the contentions of appellee in our recent opinion, In the Matter of the Application of the National Freight Lines, Inc., supra. We do not deem it necessary to again comment upon the question raised by the motion. The appellee's contention is without merit.
Upon consideration of the several matters presented on this appeal we hold that the trial court was correct in its ruling and decision and should be affirmed.
Affirmed.
All Justices concur.