CHARLES M. THOMSON, Trustee, Appellee, v. IOWA STATE COMMERCE COMMISSION et al., Appellants; H. & W. MOTOR EXPRESS COMPANY et al., Interveners, Appellants.

No. 46488.

SEPTEMBER 19, 1944.

REHEARING DENIED DECEMBER 14, 1944.

James A. Lucas, Commerce Counsel, for appellants.

D. C. Nolan, of Iowa City, and Rex Fowler, of Des Moines, for intervener appellants.

P. F. Gault, of Chicago, George E. Hise, and Davis, Mc-Laughlin & Hise, all of Des Moines, and Sifford & Wadden, of Sioux City, for appellee.

MILLER, J.—This case is a companion case to one also entitled Thomson v. Iowa State Commerce Commission, 235 Iowa 469, 15 N. W. 2d 603. While the two cases are different in a number of details, essentially they are directly analogous. In this case, as in the companion case, the railroad sought authority to render motor-truck service auxiliary to, supplemental of, and co-ordinated with its rail service; the application was denied by a written decision of Commissioner Richardson, with which Commissioner Reed concurred specially and from which Commissioner Keshlear dissented; Commissioner Richardson based his decision upon the rules announced in a former decision of the Commission, identified as Docket No. H-2858; Commissioner Reed based his concurrence on the proposition that the decision in said H-2858 is controlling here; Commissioner Keshlear dissented for the reasons stated in his dissenting opinion in said H-2858. Such was also the situation in the companion case.

Appeal was taken to the district court of Woodbury county. The protesting motor carriers intervened. The court reversed the decision of the Commission. In so doing, the court made elaborate findings of fact and conclusions of law, among which were the following: The decision of the Commission is arbitrary, unreasonable, not supported by evidence and not based on standards prescribed by the legislature; the service for which authority is sought is a new type of service, utilizing rail and

488

motor-vehicle transportation, simply auxiliary to, supplemental of, and co-ordinated with the rail service of the railroad; the form of service makes use of long-established facilities and is a type of service not furnished by objecting motor carriers; this auxiliary and supplemental service would result in improved service on carload as well as less than carload traffic and cannot be achieved by the railroad's donating the remaining traffic to competing motor carriers; there is a real and definite public demand and need for such convenient and improved form of service; there is no competent evidence to support the Commission's finding that the present rail and truck service is adequate or sufficient to care for all the required transportation needs of the public or that the proposed service would necessarily adversely affect the service of objecting motor carriers; the legislature prescribed definite rules and policies for the Commission to follow in determining the ultimate question of public convenience and necessity in proceedings of this kind, but the Commission failed to follow them and arbitrarily followed and adopted rules and policies of its own choosing in violation of its jurisdiction and authority so prescribed by the legislature.

There were other findings which we need not consider or discuss. Counsel for the Commission conceded at the argument that the decision in the companion case would be controlling herein. From the foregoing résumé, that is quite obvious. Accordingly, the judgment is—Affirmed.

MANTZ, C. J., and HALE, SMITH, MULRONEY, GARFIELD, BLISS, and WENNERSTRUM, JJ., concur.