## HAY v. FRAZIER.

1. **Practice:** BILL OF EXCEPTIONS. Where the evidence introduced upon the trial is accompanied by a certificate of the judge that "the above and foregoing, with the exhibit therein referred to, is all the evidence, objections, rulings of the court, and exceptions adduced on the trial," this constitutes a sufficient bill of exceptions under the statute.

2. **Evidence:** GENUINENESS OF SIGNATURE. Before the assignment in writing of an instrument can be admitted in evidence, proof tending to establish its genuineness should be first introduced.

3. ———: PLEADING. Where the defendant pleads an assignment, and the plaintiff fails to reply, he cannot introduce evidence to show the assignment to be a forgery, but the burden is upon the defendant to establish the genuineness of the assignment.

*Appeal from Story District Court.*

FRIDAY, OCTOBER 25.

THIS is a special proceeding. A motion was filed in the court below asking a judgment against the defendant, on the ground that he, as attorney for the plaintiff, had obtained a judgment and collected the money thereon, which he refused to pay over to the plaintiff.

There was a trial to the court, without objection, and judgment rendered for the defendant, and plaintiff appeals.

*J. Allison* and *Caswell & Meeker*, for appellants.

*J. S. Frazier*, for appellee.

SEEVERS, J.—I. It is objected by the appellee that no bill of exceptions was taken in the court below whereby the

1. PRACTICE: bill of exceptions.

rulings during the progress of the trial were properly preserved. The abstract shows the evidence was taken down by the short-hand reporter, and that the objections made to the introduction of testimony were noted by him, and when the court sustained or overruled the objec-

tion an exception was noted. At the conclusion of the evidence, including the rulings and exceptions, is found a statement of the trial judge, certifying "that the above and foregoing, with the exhibits therein referred to, is all the evidence, objections, rulings of the court and exceptions adduced on the trial of said cause." This constitutes a sufficient bill of exceptions. *The State v. Fay*, 43 Iowa, 651.

II. The defendant claimed on the trial to be the owner of the judgment by virtue of an assignment thereof by the plain-

2. EVIDENCE: genuineness of signature. tiff to Bartlett, and by the latter to the defendant. No evidence was introduced tending to show that the signature purporting to be the plaintiff's was genuine. On the contrary, it appeared from the testimony of Fitchpatrick, Hunt and Taylor that the defendant substantially admitted the signature to be a forgery. The defendant, when on the stand as a witness, did not deny what was testified to by Taylor and others.

When the assignment was offered in evidence the plaintiff objected thereto. The objection was overruled, and it was introduced as evidence.

In this there was error. If it is competent and proper for the defendant to file an answer in this kind of a proceeding, the assignment was not so incorporated therein or a copy attached thereto in such manner as to require the plaintiff to deny the same under oath, or in default of so doing its genuineness would be deemed admitted. Code, § 2730.

Before the assignment could be admitted evidence tending to prove its genuine character should have been introduced. So far from this being done the contrary fairly appeared.

III. The appellee insists that it was proper and competent to file an answer in this kind of a proceeding (which we do not

3. ——: ——: pleading. determine), and as the allegations thereof were not denied by a reply, the same are to be deemed true.

The error here is that no counter-claim was pleaded, and it is only in such case a reply is required. Code, § 2712.

The defendant having set up in the answer an assign-

ment of the judgment to him, the plaintiff, if he desired and
expected to introduce evidence tending to prove it to be a
forgery, should have alleged such fact in a reply, as this would
avoid the matter pleaded in the answer. Code, § 2665. But
the only penalty attached to a failure to so reply is that he
could not, if objection was made, introduce evidence tending
to prove the forgery. No such objection was made, and the
burden remained on the defendant to prove the assignment to
be genuine.

IV. The defendant caused the plaintiff to be duly subpœ-
naed as a witness. He failed to appear, and it is claimed the
answer should be taken as true, under Code, § 3684. The
statute contemplates, in certain cases or contingencies, that
the court may *order* the pleading to be taken as true.

No such order was made, and the abstract fails to show that
any was asked. If such an order had been made or asked we
could then have determined whether it was proper to do so,
and the effect, or that it should have been granted if asked
for and refused. But we cannot make such an order, or
determine the effect it would have, as the record stands.

It is not deemed essential to determine the other errors
assigned.

REVERSED.