## SMITH v. WOLF ET AL.

1. **Usury:** PAYMENT OF COMMISSIONS. The payment by a borrower, in addition to the highest legal rate of interest, of a commission to an agent for procuring the loan, which commission is not shared in by the lender, does not render the notes given the latter usurious.

2. ——: EXPENSE OF EXAMINING SECURITY. Neither will the payment by the borrower of the lender's expenses in making a personal examination of the security offered constitute usury.

3. **Practice in the Supreme Court:** MODIFICATION OF DECREE. A decree will not be modified by the Supreme Court on request of a party who has not appealed therefrom.

*Appeal from Poweshiek Circuit Court.*

TUESDAY, APRIL 5.

THIS is an action to recover the amount of two promissory notes executed to the plaintiff by the defendant, John D. Wolf, and for the foreclosure of mortgages executed to secure them. One of said notes is for the sum of $6,000, and is dated April 5th, 1872; the other of said notes is for the sum

of $3,500, and is dated January 27th, 1876. Both notes bear interest at the rate of ten per cent per annum. The defendants admit the execution of the notes and mortgages, but allege that the notes are usurious. The Court found for the plaintiff. The defendants appeal.

*W. R. Lewis* and *Ballard & Robinson*, for appellants.

*Rumple & Lake* and *Phillips, Goode & Phillips*, for the appellee.

DAY, J.—The plaintiff resides in Ohio. The defendant procured one Francis Pike to correspond with Smith and procure for him the loans, and agreed to pay Pike on the first loan a commission of one per cent, and on the second loan a commission of one and one-half per cent. Pike had been in the habit of procuring loans for parties in Iowa from the plaintiff. The plaintiff was unwilling to make the loans without a personal examination of the securities offered and of the titles, and required that his traveling expenses from Ohio to Iowa and return should be paid. Pike agreed to pay and did pay these traveling expenses, amounting on "the first trip to $50, and upon the second trip to $45. Pike claimed that he paid these traveling expenses out of his commission. The defendant claims that he paid the traveling expenses in addition to commissions. It is claimed that the payment of these commissions and traveling expenses . renders the transaction usurious.

I. It is clear from the testimony that Wolf agreed to pay the commission to Pike as compensation for his services 1. USURY: payment of commission. in procuring the loan. The commissions were payments for a service rendered by Pike to Wolf. No portion of it was paid to the plaintiff, nor did the plaintiff derive any pecuniary benefit therefrom. In rendering the service for which the commissions were paid, Pike was the agent of the defendant, and the payment of such commission

does not taint the transaction with usury. The case falls within the principle of *Wyllis v. Ault*, 46 Iowa, 46.

II. If Pike, as he claims, paid the traveling expenses out of the commissions, then clearly such payment would not,

2. ———: expenses of examining security.

render the contract usurious. Would the contract be usurious if Wolf paid to Smith the traveling expenses, in addition to the payment of the commissions to Pike? The evidence shows that Smith's custom was to examine the security and titles in person, and to require the payment of his expenses in doing so, in addition to ten per cent interest upon the sums loaned. The evidence shows that the amount exacted was merely sufficient to cover actual traveling expenses, and that it was not intended as a cover for usury. It would hardly be claimed that the payment for a team and the time of a party, for going upon and making a personal examination of the land offered as a security for a loan, would render the loan usurious. Nor, in our opinion, does the payment of the plaintiff's traveling expenses from Ohio to Iowa, for the purpose of examining the land proposed to be given in security, render the contract usurious if the amount paid was reasonable, and was not exacted as a means of obtaining illegal interest. The following authorities are directly in point. *Kent v. Phelps*, 2 Day, 483; *Hutchinson v. Hasmer*, 2 Conn., 341.

III. One of the notes, and both of the mortgages, provide for the payment of a reasonable attorney's fee, to be taxed as

3. PRACTICE IN THE SUPREME COURT: modification of decree.

costs, if suit shall be brought to collect the amount of the indebtedness. The Court did not include any sums in the decree for attorney's fees. The plaintiff does not appeal. In our opinion he cannot have any modification of the decree. *Hintrager v. Hennessy*, 46 Iowa, 600.

AFFIRMED.