BUTLER v. BARKLEY ET AL.

THE SAME v. LEWIS.

1. **Appeal:** RIGHTS OF PARTIES NOT JOINING IN. Parties to an action not joining in an appeal can present no questions affecting their claims or interests not involved in the questions raised by the appellant.

2. **Quitclaim Deed:** PURCHASER CHARGED WITH NOTICE OF EQUITIES. A purchaser of land by a mere quitclaim deed is charged with notice of all equities existing adverse to the title he derives under the deed.

3. **Principal and Agent:** PRINCIPAL AFFECTED BY AGENTS' FRAUD. A party can have no benefit from fraud practiced by his agent on his behalf.

4. **Vendor and Vendee:** TITLE BURDENED BY DECREE AGAINST VENDOR. One who takes a deed to land, after a decree has been entered against his grantor affecting the title, takes it subject to the terms of the decree.

*Appeal from Polk Circuit Court*

THURSDAY, DECEMBER 10.

THESE two actions were consolidated and tried in the court below as one action. They are each in chancery, and together involve the title of certain real estate. There was a decree in the court below in favor of the defendants, or some of them, which set aside and declared void for fraud a deed upon which plaintiff bases his right to the land. He now appeals to this court. The facts of the case, so far as it is necessary to state them in order to understand the points in issue and decided upon this appeal, appear in the opinion of the court.

*Wright, Cummins & Wright* and *W. S. Sickmon,* for appellant.

*Phillips & Day, Shaw & Kuehule* and *Berryhill & Henry,* for appellees.

BECK, CH. J.—I.   The facts of this case are not without intricacy, and many of them become unimportant in view of the issues involved as presented by this appeal.   After reach-ing a conclusion as to the questions for determination, the case assumes simplicity in its facts and in the principles of law involved.   In order to understand the true questions involved in the case, its history and, to some extent, the pleadings must be briefly stated.

II.   Plaintiff brought an action against Barkley, claiming that a certain deed for the property in controversy, executed to him by Daniel Denison, was for the use and benefit of plaintiff, and obtained with his money, and praying that Bark-ley be required to convey the land to him.   These parties contested over this claim of plaintiff, but finally, in the pro-gress of the suit, they seemed to have come to terms, and Barkley conveyed the property to plaintiff after the decree was rendered.   This eliminated the disputes of these parties from the case.   But Denison intervened in the action, alleg-ing that the deed was obtained from him through fraud prac-ticed by Barkley, and asked that it be set aside.   The defend-ant Lewis holds a tax title upon the land, and plaintiff brought the second action against him to redeem.   Barkley intervened, setting up his claim, as did Denison.   It is set out in the pleadings that Daniel Denison held the land under a deed from Jessie W. Denison, which was executed to secure money to be paid by him, and was therefore a mortgage in effect.   Various questions are presented as to the right of the parties arising upon this state of facts.   The circuit court found (and so decreed) that the deed to Barkley, under which plaintiff claims title, was obtained through fraud, and is therefore void; that the title of the land is vested in Lewis, subject to the payment by him of the amount due upon the equitable mortgage above referred to.   Plaintiff alone appeals. The other parties, not joining in the appeal, can now present no questions affecting their claims or interest not involved in the questions arising upon plaintiff's appeal.

Having failed to appeal, they can have no modification of the decree. *Smith v. Wolf*, 55 Iowa, 555; *Hintrager v. Hennessy*, 46 Id., 600.

III.   It will be readily observed that all questions are eliminated from the case except those involving the validity of the deed to Barkley executed by Denison. That deed is a quit-claim, and plaintiff claims under it.   He is charged, under familiar rules of the law, with notice of all equities existing adverse to the title he derives under the deed; and, besides this, he claims that Barkley purchased the land for him as his agent or trustee.   If there was fraud in his agent's acts in his behalf, he can have no benefit therefrom. Barkley's deed, which withdraws him from the case, was executed to plaintiff after the decree in this case was rendered by the court below.   Of course, plaintiff can set up no claim that under this deed he holds rights to the property as an innocent grantee.

IV.   The only question in the case is one of fact involving the inquiry whether the deed to Barkley was procured by fraud.   We think the conclusion of the circuit court, to the effect that it was, is amply supported by the testimony.   It is not our custom to discuss questions of fact of this character.   Such discussion in this case would not prove benficial to the profession, as it would involve the consideration and decision of no doubtful or uncertain principle of law.   Nor will it prove beneficial to the parties, and we presume would not be desired by some of them.   We therefore content ourselves with announcing the conclusion that in our opinion the decree of the circuit court ought to be

AFFIRMED.