First National Bank of Marshalltown, Appellee,
v. A. W. Wright, Appellant.

1. **Pleading**: EVIDENCE: INSTRUCTIONS. To an action upon a promissory note the defendant plead a failure of consideration because of the plaintiff's breach of a contract, in pursuance of which said note was given. To such answer there was no reply filed. *Held*, that under the issue thus joined the admission of evidence showing that after the original breach there was such a performance of the contract, and an acceptance thereof as amounted on the part of the defendant to a waiver of the breach was erroneous, and the court further erred in submitting such issue to the jury in its instructions.

2. **Appeal**: RIGHTS OF APPELLEE TO CONSIDERATION OF ERRORS NOT ASSIGNED. Upon the conclusion of the defendant's direct evidence, the plaintiff moved the court to direct the jury to return a verdict in its favor because of the failure of the defendant to establish his defense, but the motion was overruled. The trial resulted in a judgment for the plaintiff, from which the defendant appealed. *Held*, that there being no appeal by the plaintiff, nor any assignment of error involving the ruling of the court on said motion, the plaintiff was not entitled to have the ruling reviewed in the supreme court.

UPON REHEARING.

**Appeal**: ERROR WITHOUT PREJUDICE: RIGHTS OF APPELLEE. An appellee may, without appealing, protect a judgment in his favor by the district court by showing that upon the face of the record he is entitled as a matter of law to such judgment, and that, therefore, the errors complained of by the appellant are without prejudice.

*Appeal from Polk District Court.*—Hon. Charles A. Bishop, Judge.

Saturday, February 7, 1891.

Action upon a promissory note. The defense was a failure of consideration. There was a verdict and judgment for the plaintiff, from which the defendant appeals.—*Reversed.*

*Cummins & Wright*, for appellant.

*Kauffman & Guernsey* and *O. T. Binford*, for appellee.

Granger, J.—I. A principal ground of complaint by the appellant is based upon the action of the district court in giving certain instructions involving an issue not presented by the pleadings, and in admitting evidence for its support. The execution and delivery of the note were admitted by the answer, and a total failure of consideration pleaded, as to which the court said to the jury:

"The defendant says that the consideration for said note was the purchase by the defendant Wright of the note for twenty thousand dollars, which has been introduced in evidence as Exhibit C, and the chattel mortgage securing the same; that therefor the said Wright was to pay the sum of one thousand dollars in cash, and was to give his notes, one for the sum of three thousand dollars and one for two thousand dollars; that the said Wright paid the sum of one thousand dollars in cash, and that he executed and delivered to the said George Glick the two notes, the one for two thousand dollars being the one in suit in this action; that the consideration for said notes and money was the delivery to the said Wright of the said twenty thousand dollar note and mortgage, and that the said Glick wholly failed and refused to deliver to said Wright the said twenty thousand dollar note and mortgage, and that by reason thereof the consideration of the note sued upon in this action has wholly failed."

1. PLEADING: evidence: instructions.

No reply was filed, and the issues of fact for trial arose on the answer, and a denial by operation of law. Code, sec. 2712. The court said to the jury:

"The burden of this issue is upon the defendants, and they must establish by a preponderance of the testimony in the case that the contract between the said George Glick and the said A. W. Wright was for the delivery of the said twenty thousand dollar note, and

assignment of the mortgage securing the same, within a short time after the making of such contract. If the defendants have so proven, you should return your verdict for them, unless you should further find that the plaintiff has shown by a preponderance of the testimony on that subject that the twenty thousand dollar note and the assignment of the mortgage securing the same were afterwards accepted by the said A. W. Wright, or that such failure of consideration, if you so find there was such failure, was waived by the defendant A. W. Wright, as hereinafter explained in these instructions."

The explanation to the latter clause of the instruction is as follows:

"If you find from the testimony before you that the firm of Cummins & Wright, attorneys, with the authority of the defendant A. W. Wright, offered to pay the note in suit if said twenty thousand dollar note and mortgage securing the same were transferred to the defendant Wright; and you further find that the plaintiff, or the said George Glick, did deliver to said A. W. Wright or to his duly-authorized agent the said twenty thousand dollar note and mortgage; and you further find that said twenty thousand dollar note and mortgage were accepted by the said Cummins & Wright for the said A. W. Wright, then in that case such facts being found you are instructed that such acceptance would be a waiver of any breach of the original contract, and the plaintiff would be entitled to recover in this action."

It will be observed that the instructions recognized a condition of the testimony under which the jury may find, on the part of the plaintiff's assignor (Glick), a "breach of the original contract," which would be a finding of a failure of consideration. The instructions authorize the jury, after finding such fact, to avoid its legal effect by a finding that, after the original breach, there was such a delivery and acceptance as amounted,

on the part of the defendant, to a waiver of the breach . or failure of consideration. The issue thus presented is certainly a new one in the case. Under the denial by operation of law of the allegation of the affirmative defense, the only proofs admissible are such as would negative the affirmative averments in the answer. Code, sec. 2704. The instructions recognize a breach of the contract by a failure of Glick to return the twenty thousand dollar note in a short time, and there is testimony tending to show that it was to be returned when Glick reached Marshalltown. The jury was told that, if such was the agreement, the defendant was released from liability. That the note was not returned is without dispute. The law, thus stated, must be accepted as the law of this case, for no assignments bring it in question. If, then, the plaintiff seeks to avoid the effect of such facts by proof of other facts, it must do so under the provisions of Code, section 2665 by proper averments in a reply. The appellee's theory of this point is, that the defendant's plea being one of total failure of consideration, if the twenty thousand dollar note was delivered, even after a breach, the consideration has actually passed, and it is not a total failure, and that any proofs tending to show that there was not such a failure were admissible. But it is not the rule, where facts are pleaded showing a want of consideration, that, under a denial, a party may put in evidence any facts that may show that a consideration still exists by virtue of any agreement; but, under the denial, "no evidence shall be introduced which does not tend to negative some fact the party making the controverted allegation is bound to prove." Code, sec. 2704. The facts referred to are not the conclusion of a want of consideration, but of the facts to be proven from which the conclusion may be drawn. In this case, to show the want of consideration; the defendant was bound to prove an agreement to return the note in a short time, and that Glick did not return it. Under a denial the

plaintiff could introduce any testimony tending to negative such facts. But if the claim is that, because of other facts, such facts are avoided, and the consideration still exists, the issue must be properly presented before proofs are admissible. The instructions of the district court present an issue in accord with this view, and properly place the burden of proof upon the defendants. The error consists in there being no such issue in the pleadings. This conclusion has support in many cases. *Kervick v. Mitchell*, 68 Iowa, 273; *Zinck v. Phœnix Ins. Co.*, 60 Iowa, 266; *Hay v. Frazier*, 49 Iowa, 454; *Edgerly v. The Farmers' Ins. Co.*, 43 Iowa, 587; *Smith v. The State Ins. Co.*, 64 Iowa, 717; *Fauble v. Davis*, 48 Iowa, 462. It is said the facts do not constitute a waiver, that the question of waiver is not in the case. The district court submitted the case on the theory of a waiver, and it seems to us that, if a condition of the contract was that the twenty thousand dollar note was to be delivered within a short time, and it was not, it would be a violation of the condition; and, if afterwards the note was delivered and received with the intent to carry out the former contract except as to time, the effect would be to waive the former condition for delivery.

II. At the conclusion of the defendant's direct evidence, the plaintiff moved the court to direct a verdict for the plaintiff, because there had been no defense made out against the note or the parties to the suit, which the court overruled, and to which ruling the defendant excepted. It is urged that this ruling was erroneous, and that, if the motion had been sustained, there could have been no inquiry into errors in the submission of the cause. But the plaintiff has not appealed, and there is no assignment involving the error of which it complains, and errors not assigned are not to be considered. *Wood v. Whitton*, 66 Iowa, 295; *Des Moines Sav. Bank v. Colfax Hotel Co.*, 79

2. APPEAL: rights of appellee to consideration of errors not assigned.

Iowa, 497; *Lamb v. The Council Cluffs Ins. Co.*, 70 Iowa, 238. As somewhat affecting the question, see *Butler v. Barkley*, 67 Iowa, 491; *Smith v. Wolf*, 55 Iowa, 555.

These considerations seem conclusive as to the error of the district court, and its judgment must be REVERSED.

## MONDAY, OCTOBER 19, 1891.

### UPON REHEARING.

*Per Curiam.* On an application for a rehearing, the correctness of the holding in the second division of the opinion, to the effect that the action

APPEAL: error without prejudice: rights of appellee.

of the district court in overruling the motion of the plaintiff to direct a verdict in its favor could not be considered, because the plaintiff had not appealed, and the question was not presented by an assignment of error, is questioned, and with much force, both upon reason and authority; the precise thought being that the appellee could not complain of the judgment entered by the district court because in its favor; and that, if the appellee was entitled to judgment on the face of the record, the errors of which the appellant complains were without prejudice, and for errors not prejudicial a judgment should not be reversed. It becomes, then, a question if the appellant may, without appealing, protect a judgment in its favor of which it does not complain, by showing that, on the face of the record, notwithstanding the adverse action of the district court on its motion, it was entitled, as a matter of law, to such judgment, when the effect is to avoid the errors assigned by the appellant as without prejudice. To the query we now give an affirmative answer. But the conclusion of the case, as heretofore announced, is not to be changed because of this holding. We think there was no error by the district court in overruling the

motion. The point has practical consideration in the
first division of the opinion, as heretofore filed, with
which we are content to rest. The difficulty with the
case is that it was submitted upon an issue not pre-
sented in the pleadings. The petition for rehearing is
OVERRULED.