G. A. Wentland, Appellee and Cross-Appellant, v. M. Edith Stewart, Appellant; R. Ray Stewart, Appellee.

No. 46713.

April 23, 1945.

R. W. Zastrow, of Charles City, and F. A. Ontjes, of Mason

City, for M. Edith Stewart, appellant, and R. Ray Stewart, appellee.

W. G. Henke, of Charles City, for G. A. Wentland, appellee and cross-appellant.

MILLER, J.— Plaintiff's original notice herein was served on November 27, 1943. His petition, filed December 4, 1943, demanded judgment on three notes, one for $3,000, and two for $500 each, all dated March 1, 1928, and due December 1, 1933, together with interest, attorney's fees, and costs, and prayed for foreclosure of a mortgage on a thirty-eight-acre farm to enforce the same. The answer of defendant M. Edith Stewart denied the execution of the notes and mortgage, asserted that plaintiff elected to declare all three notes due December 5, 1932, that the second note for $500 had been materially altered, and that all three notes were barred by the statute of limitations prior to the commencement of the action. The answer of defendant R. Ray Stewart was to the same effect. Plaintiff's reply asserted a general denial of the allegations of the answers as well as specific denials thereof, that there had been an extension of time for the payment of the second note for $500, originally due December 1, 1932, the extension being for one year and was endorsed on the face of the note, and further that the action was not barred by the statute of limitations because, in December 1941, there was an admission in writing by the defendant M. Edith Stewart that the mortgage indebtedness was unpaid and ten years have not elapsed since the making of said admission in writing; also, defendants had waived any alleged declaration of the indebtedness being due prior to the date fixed in the instruments and they are estopped from asserting the bar of the statute of limitations herein.

Trial was had and on December 16, 1944, the court entered a decree wherein it was determined: That, on December 5, 1932, the plaintiff declared the entire indebtedness secured by the mortgage due; thereafter, on December 26, 1941, defendant M. Edith Stewart delivered to plaintiff a check for $150 to apply on interest on the mortgage indebtedness; a notation on the check referred to the mortgage indebtedness here sued upon; there

was no material alteration of the second $500 note but the notation of extension thereof on the face of the note did not prevent the running of the statute of limitations; the statute of limitations had run as to R. Ray Stewart at the time of the commencement of this action but the check for interest and the notations thereon, taken with defendant's testimony, revived the debt as against M. Edith Stewart, pursuant to section 11018, Code, 1939, so that plaintiff was entitled to personal judgment against her alone. Judgment was entered accordingly against M. Edith Stewart for $7,988.32 with interest, attorney's fees, and costs, the mortgage was ordered foreclosed to enforce the same, and special execution therefor was authorized.

On January 9, 1945, defendant M. Edith Stewart filed notice of appeal to this court from the judgment and decree herein and from all rulings adverse to her. On the same day the plaintiff filed notice of his cross-appeal from all findings of fact, conclusions of law, and rulings and parts of said decree adverse to him, and particularly from the rulings that, on December 5, 1932, plaintiff declared the entire indebtedness secured by the mortgage herein due and that the action is barred by the statute of limitations as to defendant R. Ray Stewart.

In the meantime, on December 29, 1944, special execution had been issued for the sale of the mortgaged premises, levy thereof was made the next day, publication of notice of sale was promptly arranged and, on January 9, 1945, notice of the sale was served upon both defendants. The sale was had at 2 p. m. January 30, 1945, resulting in the sale of the premises to plaintiff for $7,000, leaving a deficiency of $1,237.45.

On February 24, 1945, defendants, M. Edith Stewart and R. Ray Stewart, served and filed a motion to dismiss the plaintiff's cross-appeal and supported the same with a certification of the record hereinbefore reviewed. The grounds of the motion to dismiss the cross-appeal are that plaintiff "has proceeded to enforce the Decree from which he appeals by the issuance of an execution and thereby waived his right to appeal, and has proceeded with an execution sale and waived and abandoned his right to appeal and such appeal."

I. Insofar as the motion to dismiss the cross-appeal against defendant Edith Stewart is concerned, it must be sustained

irrespective of the matters set forth by way of waiver or estoppel because, as to her, plaintiff had no right to cross-appeal since the judgment was in his favor. In the case of Northwestern Mut. L. Ins. Co. v. Blohm, 212 Iowa 89, 98, 234 N. W. 268, 271, we stated:

"When appealing to this court, the judgment, and not the findings, is of prime importance; that is to say, the appeal is from the judgment and not the findings. In such case the appellee protects the judgment, and the appellant attempts to cause its reversal. Then, when the judgment is in favor of the appellee, he does, and can, not appeal. Under no circumstances do the parties appeal from the findings, as distinguished from the judgment. So, when an appeal in an equity cause is taken to this court, we consider the case de novo, and this is done regardless of the findings upon which the judgment is based. Here the judgment may be sustained on different findings of fact than those made by the district court. Many facts discarded by the district court may be accepted by this tribunal to sustain or reverse the judgment below."

■ Plaintiff contends that his cross-appeal as to Edith Stewart is taken for the purpose of asserting additional grounds for sustaining the judgment against her. As above stated, such propositions cannot be asserted by way of cross-appeal, but, if asserted below, they can be asserted here to sustain the judgment without a cross-appeal. This latter proposition has been recognized repeatedly by this court. Iowa Elec. Co. v. Home Ins. Co., 235 Iowa 672, 676, 17 N. W. 2d 414, 416, and cases cited; Neyens v. Gehl, 235 Iowa 115, 15 N. W. 2d 888, 889, and cases cited; Paulson v. Hanson, 226 Iowa 858, 863, 285 N. W. 189, and cases cited; First Nat. Bk. v. Wright, 84 Iowa 728, 733, 48 N. W. 91, 50 N. W. 23 (opinion on rehearing). Accordingly, defendant Edith Stewart's motion to dismiss plaintiff's cross-appeal as to her must be and it is sustained.

■ II. Insofar as the motion of defendant Ray Stewart is concerned, a different question presents itself. The judgment as to him was adverse to plaintiff and plaintiff had a right to appeal therefrom. The issue is, therefore, whether that right

to appeal has been abandoned by reason of the sale of the mortgaged property to enforce the judgment.

In view of the sale herein, the question resolves itself into whether plaintiff is entitled to a deficiency judgment against Ray Stewart. However, at the oral presentation of the motion to dismiss, counsel for Wentland, cross-appellant, asserted that he was not concerned about a deficiency judgment against Ray Stewart because he considered that such a judgment would not be collectible. His only concern was as to the form of that part of his brief and argument which will challenge adverse rulings of the trial court as additional grounds to sustain the judgment against Edith Stewart, whether they are to be asserted as propositions for an affirmance or as assignments of error incident to the cross-appeal. The answer to this query as to procedure is given by Division I of this opinion. Hence, we deem counsel's position equivalent to an abandonment of the cross-appeal as to Ray Stewart and it becomes unnecessary to discuss or decide the interesting questions which might otherwise arise.

By reason of the foregoing, the motion to dismiss the cross-appeal is sustained as to both defendants.—Cross-appeal dismissed.

All JUSTICES concur.