In re Election Contest of Burchett.

Orval Wade Burchett, Appellee, v. E. Warren Hill, Appellant.

No. 47498.

(Reported in 39 N.W. 2d 305)

October 18, 1949.

L. M. Hullinger, of Cedar Rapids, R. B. Hawkins, of Leon, and Herrick & Langdon, of Des Moines, for appellant.

R. E. Killmar, of Osceola, for appellee.

Wennerstrum, J.—Orval Wade Burchett, the appellee herein, was the original contestant in an election contest instituted before an election-contest court provided for by sections 62.1–62.19, Code of 1946. He and the appellant, E. Warren Hill, were candidates for the office of member of the Board of Supervisors in Decatur County at the November 2, 1948 election. Following the canvass of the ballots Hill was declared elected. Burchett then filed a statement of intent to contest the election. After the organization of the contest court as provided by stat-

ute, the filing of an answer on the part of Hill, the counting of and decisions as to certain ballots, the contest court filed its findings and decision. It held that Orval Wade Burchett, the contestant, had received the greater number of votes and declared him elected. E. Warren Hill thereafter served notice of appeal to the district court. Section 62.20, Code of 1946. The appellee, Burchett, subsequently filed in that court a motion to dismiss Hill's appeal, asserting that Hill had failed to file a petition in the district court within ten days after perfecting the appeal setting forth the issues involved. It was contended that Rule 368, Rules of Civil Procedure, required the filing of a petition in the case of an appeal from an action or decision of any officer, body or board where the statute does not provide for the formulation of the issues before such officer, body or board, or in the district court. It was further maintained that the rule was applicable in the appeal from an election-contest-court decision and that the failure to file a petition in the district court was jurisdictional to a consideration of the appeal by that court. Upon submission of the motion to dismiss the district court sustained it, and E. Warren Hill has appealed.

Rule 368, Rules of Civil Procedure, is as follows:

"Where appeal to the district court from an action or decision of any officer, body or board is provided for by statute and the statute does not provide for the formulation of the issues either before such officer, body or board, or in the district court, the appellant shall file a petition in the district court within ten days after perfecting the appeal, or within such time as may be prescribed by the court. The appellee shall file motion or an answer to such petition within ten days thereafter, or within such further time as may be prescribed by the court. Thereafter the rules of pleading and procedure in actions in the district court shall be applicable."

Chapter 62, Code of 1946, sets out in detail the provisions relative to a contested election of a county official. It is therein provided that the contestant shall file in the office of the county auditor a written statement of his intention to contest the election wherein there shall be set forth the name of the contestant,

that he is qualified to hold the contested office, the name of the incumbent, the office contested, the time of election, and the particular causes of contest. Section 62.5.

It is a further provision of the statute that the statement filed for consideration of the contest court shall not be dismissed for want of form, if the particular causes of contest are alleged with such certainty as will sufficiently advise the incumbent of the real grounds of contest. Section 62.14. In the contest court the elected incumbent, Hill, the appellant herein, did not file any motion for more specific statement although it is provided that: "The proceedings shall be assimilated to those in an action, so far as practicable * * *." Section 62.13. The fact that Hill did not ask for an amplified statement as to the causes of contest would indicate that he was sufficiently advised as to all issues in controversy. Then, too, Hill filed an answer in the contest court controverting the allegations of the contestant. Thus it will appear that there were ample pleadings in the contest court of the respective contentions of the parties.

It is our conclusion that even if the contest court be deemed a board within the provisions of Rule 368 still the statutes do provide for the formulation of the issues and therefore the rule has no application. The statement of contest, as provided in section 62.5, and the contemplated answer, referred to in section 62.15, all indicate that the issues are to be made in the contest court. This would not prevent subsequent pleadings in the district court if circumstances necessitated but the filing of them is not jurisdictional.

The record discloses that E. Warren Hill attached to the notice of appeal to the district court a true copy of the proceedings, findings, decision and final tabulation of the votes by precincts as filed by the judges of the contest court. It is further shown that the county auditor of Decatur County, following the filing of the notice of appeal, filed with the clerk of the district court a certificate as to the entire proceedings, to which was also attached a copy of all papers.

To require a further restatement of the issues under the circumstances would result in a surplus of similar pleadings. The statute relative to a contested election of county officials makes no reference to a repleading of the issues involved in the

contest court. Inasmuch as the proceedings to be followed in such a court are set forth in the statute we do not see how Rule 368 can be held applicable. This is particularly true when it is kept in mind that in the section of the statute relative to an appeal to the district court of a contested election it is provided that the district court "shall hear the appeal in equity and determine anew all questions arising in the case." Section 62.20.

In the case of Haas v. Contest Court, 221 Iowa 150, 155, 265 N.W. 373, where the question as to the sufficiency of the statement of contest filed in the contest court was involved, we held that it was not a jurisdictional question. Inasmuch as on appeal to the district court all questions arising in the case are to be determined anew it is our holding that the sufficiency of the pleadings on appeal is not jurisdictional and that Rule 368, Rules of Civil Procedure, is not applicable.

We therefore hold that the district court was in error in dismissing appellant's appeal to the district court and that this cause must be and is reversed and remanded.—Reversed and remanded.

All JUSTICES concur.