In re Application of National Freight Lines, Inc.

U. J. Haas and Cyril H. Wissel, doing business as H & W Motor Express Company, objectors-appellants, v. Iowa State Commerce Commission, appellee, and National Freight Lines, Inc., intervenor-appellee.

No. 47577.

(Reported in 40 N.W. 2d 612)

JANUARY 10, 1950.

D. C. Nolan, of Iowa City, for objectors-appellants.

Ernest Porter and George Cosson, Jr., both of Des Moines, for Iowa State Commerce Commission, defendant-appellee.

Rex H. Fowler and D. J. Fairgrave, both of Des Moines, for National Freight Lines, Inc., intervenor-appellee.

GARFIELD, J.—This is a controversy as to whether either or both of two motor carriers should have such authority from the Iowa State Commerce Commission that "single-line" freight service may be furnished between Dubuque and Des Moines. The commission granted both carriers such authority. One of the applicants, H & W Motor Express Company (herein called "H & W"), contends such authority should not have been granted the other, National Freight Lines, Inc. (herein called "National").

Dubuque is a manufacturing and jobbing center in northeast Iowa. Des Moines, largest city in the state, is in south central Iowa. Although Cedar Rapids in east central Iowa is a little southeast of a direct line between Dubuque and Des Moines most of the motor freight between these two cities passes through Cedar Rapids. It is about one hundred twenty miles from Des Moines to Cedar Rapids and about eighty miles farther to Dubuque. The town of Monticello is in a direct line and about half way between Cedar Rapids and Dubuque.

Both H & W and National are established motor carriers of large amounts of freight. Prior to the commission's order of which H & W complains it was authorized to carry intrastate freight between Dubuque and Cedar Rapids. National was authorized to haul intrastate freight between Des Moines and Cedar Rapids and on to Monticello, thence north and west. Neither H & W, National, nor any other motor carrier was authorized to transport intrastate freight the full distance between Dubuque and Des Moines. Some 15,000 pounds or more of such freight moved daily in each direction between Dubuque and Des Moines.

Most of this volume was hauled by H & W between Dubuque and Cedar Rapids (in each direction) and by National between Cedar Rapids and Des Moines and interchanged or transferred between the two carriers at Cedar Rapids for the remaining distance. This interchange resulted in delay of one or more days between Dubuque and Des Moines, damage to and loss of goods from unloading and reloading in Cedar Rapids and annoyance and expense in the handling of claims for lost and damaged freight. Accordingly there was much demand by shippers in both Dubuque and Des Moines for "single-line," overnight truck service between the two cities.

In September 1945, H & W, a Dubuque concern, applied to the Iowa State Commerce Commission (herein called "commission") under what is now chapter 325, Code, 1946, for a certificate of convenience and necessity (see Code sections 325.6 and 325.7) to operate as a carrier of freight between Cedar Rapids and Des Moines. National filed objections to the application on the ground the proposed service was not necessary and the available facilities were adequate. At a hearing before the commission in January 1946, forty witnesses, mostly Dubuque shippers, testified to delays and other disadvantages in the existing service to and from Des Moines and the need for single-line service.

In April 1946, the commission denied H & W's application mainly on the ground the proposed service, though convenient, was not required by public necessity. H & W promptly petitioned the commission to reconsider its decision and in July 1946, the commission set aside its previous order and reopened the matter for further evidence. In January 1947, National filed with the

commission its application to operate as a carrier of freight between Cedar Rapids and Dubuque. As stated, National already had authority to operate between Cedar Rapids and Monticello—thence north and west, rather than northeast to Dubuque. H & W filed objections to National's application on the ground there was no need for the service it proposed.

In April 1947, the commission consolidated for hearing the applications of H & W and National and heard further testimony from some twenty-five shippers, mostly from Des Moines, similar to that at the previous hearing in January 1946. In November 1947, the commission, by two-to-one vote, denied the applications of both H & W and National, mainly because of its long-established policy not to authorize duplicate service which would be detrimental to a carrier then serving the territory. The order recited "the time may come when this policy may have to be changed" and the commission retained jurisdiction of both applications for the purpose of making further orders that may later be shown proper and necessary.

H & W again petitioned the commission to reconsider its decision. The Dubuque traffic association filed a similar petition. One ground of these petitions was the fact charges had recently been increased fifteen per cent on shipments handled by two or more carriers. These petitions were orally argued to the commission in April 1948, and on May 24 it reopened for further consideration the applications of both H & W and National, found that the service proposed to be rendered by each applicant will promote the public convenience and necessity and granted each application.

H & W appealed to the district court from the commission's finding and order granting National's application. The district court affirmed the commission's order. H & W has appealed to us from the judgment of the district court.

■■ I. Appellees (the commission and National) moved the district court to dismiss H & W's appeal because of its failure to file therein a petition said to have been required by rule 368, R. C. P., which provides in part:

"Where appeal to the district court from an action or decision of any officer, body or board is provided for by statute and the statute does not provide for the formulation of the issues

either before such officer, body or board, or in the district court, the appellant shall file a petition in the district court * * *."

The district court overruled the motion to dismiss on the ground rule 368 was not applicable. Appellees urge upon us that H & W is not prejudiced by the district court's affirmance of the commission's order because their motion to dismiss the appeal should have been sustained. Appellees are entitled, without appealing, to protect the judgment in their favor by arguing that the denial of their motion to dismiss was an error against them which makes the result of the judgment a right result. See Wentland v. Stewart, 236 Iowa 258, 261, 18 N.W. 2d 305, 306, and citations; Shaw v. Addison, 236 Iowa 720, 734, 18 N.W. 2d 796, 803, 804, and citations; Knaus Truck Lines v. Commercial Freight Lines, 238 Iowa 1356, 1365, 29 N.W. 2d 204, 209.

While appellees are entitled to urge the above contention it is without merit. We agree with the trial court that rule 368 is not applicable. It requires the filing of a petition in the district court only where "the statute does not provide for the formulation of the issues either before such * * * board, or in the district court * * *." The statutes provide for the formulation of the issues before the commission.

Section 325.12 requires that all applications to the commission shall be in writing and specifies what they shall contain. Objections to the application are also to be written and filed. Sections 325.15 and 325.16. Thus the issues before the commission are to be stated in the application and objections. These statutes were complied with here by the filing of written applications and objections. When the appeal was taken to the district court a transcript of these papers was presumably filed with the clerk of the court pursuant to section 325.22. The appeal was submitted to the court upon the transcript of the evidence and the record made before the commission. See section 325.23.

In re Election Contest of Burchett, 240 Iowa 1312, 39 N.W. 2d 305, supports our conclusion that rule 368 did not require the filing of a petition in the district court.

II. We find no merit in appellant's (H & W's) complaint that there is no evidence in the record to support the issuance to National of a certificate of convenience and necessity.

As above indicated, at both the original hearing and the

second hearing in April 1947, there was much undisputed testimony as to the need for single-line truck service in each direction between Dubuque and Des Moines. Such need affords the basis for H & W's application (which the commission granted) and is conceded by H & W. It is true the testimony as to this need at both hearings was offered by H & W.

At the second hearing counsel for National stated, in effect, that any evidence it might offer would merely duplicate that produced by H & W regarding the need for the proposed service between Dubuque and Des Moines, consequently National would not offer such testimony but would submit its application upon the evidence produced by H & W and the commission's general knowledge of the situation. Testimony offered by National shows and H & W also concedes that National is fully qualified to render the service authorized by the commission—the same kind of service proposed by H & W.

Code section 325.7 states: "Before a certificate shall be issued, the commission shall, after a public hearing, make a finding that the service proposed to be rendered will promote the public convenience and necessity. If such finding be made, it shall be its duty to issue a certificate."

The commission strictly complied with this statute. The required finding was made. There is abundant evidence to support the finding. That testimony as to the need for the service proposed by each applicant was offered by H & W, not by National, entitles H & W to no relief here. National as well as H & W was entitled to the benefit of evidence offered by H & W at the second hearing.

We are not to be understood as holding that the commission must hear testimony in support of all applications of this kind. Section 325.17 provides the commission "may hear testimony to aid it in determining the propriety of granting the application." As thus used "may" is permissive and not to be construed as "must." The commission may legally consider facts and information obtained from other sources. Burlington Trans. Co. v. Iowa State Commerce Comm., 230 Iowa 570, 298 N.W. 631; In re Appeal of Beasley Bros., 206 Iowa 229, 234, 238, 220 N.W. 306; 33 Iowa L. Rev. 315, 319; 60 C. J. S., Motor Vehicles, section 92g(1), page 310.

■ III. We cannot sustain H & W's contention that the findings and conclusions of the commission are too indefinite to enable a court to review the proceedings. The commission's decision and order, as required by section 325.7, quoted above, contains the finding that the service proposed to be rendered by each applicant will promote the public convenience and necessity. This is the only finding the statutes require. The commission is not compelled by statute to make detailed findings of fact or conclusions of law. The appeal to the district court, as already indicated, is submitted upon the transcript of the evidence and the record made before the commission. (Section 325.23.)

■ We have held several times that the determination whether the service proposed will promote the public convenience and necessity is a legislative, not a judicial, function. Upon appeal from an order of the commission the district court considers only judicial questions that may arise, such as whether the commission has exceeded its jurisdiction, whether the order is without support in the record or is wholly arbitrary and unreasonable. It is not for the district court or this court to determine whether the commission has acted wisely nor to substitute its judgment for that of the commission.

In support of these views see Burlington Trans. Co. v. Iowa State Commerce Comm., supra; In re Appeal of Beasley Bros., supra; In re Application of Waterloo, C. F. & N. R. Co., 206 Iowa 238, 220 N.W. 310; Campbell v. Eldridge, 206 Iowa 224, 220 N.W. 304; Thomson v. Iowa State Commerce Comm., 235 Iowa 469, 473, 474, 15 N.W. 2d 603, 605. That the authorities generally are in accord with these decisions see 60 C. J. S., Motor Vehicles, section 92k(2), pages 323 et seq.

■ IV. The contention perhaps most strenuously urged is that the commission acted arbitrarily and unreasonably in authorizing service by National, said to be unnecessary, which duplicates H & W's service between Dubuque and Davenport, Dubuque and Waterloo and other points. Basis for the contention is that as a consequence of the order now challenged National may combine or "tack" its service between Cedar Rapids and Dubuque authorized by this order with its service previously authorized and thus transport freight between Dubuque and Davenport, Dubuque and Waterloo and other smaller cities and towns.

It is true National had previously been authorized to furnish service between Cedar Rapids and Davenport and between Cedar Rapids and Waterloo. By "tacking" such previous authority with that here challenged National conceivably may transport freight between Dubuque and Davenport via Cedar Rapids and between Dubuque and Waterloo via either Cedar Rapids, or Monticello and Maynard.

Davenport is about due south, and Waterloo west, of Dubuque. Transportation which National may furnish between Dubuque and Davenport via Cedar Rapids would require travel for about twice the distance of the direct route (U. S. Highway 61) between Dubuque and Davenport over which H & W holds existing authority. The distance National would be required to travel between Dubuque and Waterloo via either Cedar Rapids, or Monticello and Maynard, is much greater than the direct route (U. S. Highway 20) between Dubuque and Waterloo over which H & W holds existing authority. The commission might properly conclude that such service by National between Dubuque and Davenport and between Dubuque and Waterloo would probably call for unloading and reloading its trucks at Cedar Rapids.

It appears to us, as it may have to the commission, that any competition of National over these indirect routes between Dubuque and Davenport and between Dubuque and Waterloo probably would not seriously affect the volume of freight carried by H & W over its direct routes between these cities. H & W's principal concern in this matter is from the standpoint of competition.

In any event the right of National to "tack" its new authority with that previously held was a matter for the commission to consider. It is not shown it was not so considered. There is no basis for holding the commission's order is arbitrary and unreasonable in the respect claimed.

It is true it was not shown that H & W's direct service between Dubuque and Davenport and between Dubuque and Waterloo is inadequate. It also appears to be the general policy of the commission and similar bodies not to authorize duplicate service ordinarily where existing service is adequate. However, this principle is not invariably followed even where it is directly involved.

The controlling consideration is public convenience and necessity. This is the effect of Code sections 325.6, 325.7. See also 33 Iowa L. Rev., 315, 320; 60 C. J. S., Motor Vehicles, section 90a, page 288; id., section 90c(3)(a), page 297. As stated in Thomson v. Iowa State Commerce Comm., 235 Iowa 469, 484, 485, 15 N.W. 2d 603, 610, 611, " "* * * the public ought not to be deprived of the benefit of the improved service merely because it may divert some traffic from other carriers.' * * * The public interest is paramount and must prevail over the interests of any particular group."

There is no showing that any competition National might provide H & W between Dubuque and Davenport and between Dubuque and Waterloo would impair H & W's ability to serve the public. The commission could properly conclude the furtherance of public convenience and· necessity by the order under attack far outweighs any probable adverse effect upon H & W's service to the public between the cities last-named.

V. There is no merit in H & W's remaining contention that the commission acted arbitrarily and unreasonably in failing to consider the priority in time of H & W's application over that of National. It is argued that while single-line service between Dubuque and Des Moines is a public necessity it is needed only from one carrier and since National and H & W are equally qualified to render the service the application of H & W should have been granted because it was first filed.

It is not shown the commission did not consider the fact H & W's application was filed before that of National. Of course the commission did not give controlling effect to the matter of priority of filing.

In some instances where two or more applications are filed for authority to render the same initial service, only one of which should be granted, and each applicant is equally qualified, a regulatory body grants the application first filed. However, even in such instances controlling effect need not be given priority of filing. And the commission was not required here to grant H & W's application because it was filed before that of National.

"The mere fact that one of several applicants has made its application prior to the others is not a controlling factor as to its right to a certificate and does not entitle it to any preëmption

of route or territory which it traversed; but, other matters being equal, it is an element to be considered by the commission in connection with all other elements and facts when granting the certificate." 60 C. J. S., Motor Vehicles, section 87, page 286.

Thus the law is contrary to H & W's argument even where applications are for authority over a wholly new route for which neither applicant holds any previous authority. Here, however, each applicant seeks authority to operate over a route not entirely new to either. The new portion for which such authority is sought is already served by the other applicant. National had operated between Cedar Rapids and Des Moines for years before H & W's application for authority between these two cities was filed.

When the commission found upon ample evidence that single-line service between Dubuque and Des Moines would promote public convenience and necessity it was its duty to issue a certificate to one or both carriers. Code section 325.7. If only one application had been granted, the other carrier would have been deprived of much revenue so that its ability to serve the public might well have been impaired. Under the circumstances the commission concluded it was fair and equitable to grant both applications. On a mileage basis National's authority was extended less than forty miles from Monticello to Dubuque. Authority granted H & W from Cedar Rapids to Des Moines was for three times that distance.

No basis for reversal of the commission's order has been shown.—Affirmed.

All JUSTICES concur.