Board of Directors of Lewis Consolidated School District (Cass County), appellant, v. Board of Education (Cass County) and Board of Education (Pottawattamie County) acting as a single Board in accordance with section 275.16, Code of Iowa, 1954, appellees.

No. 49708.

(Reported in 97 N.W.2d 166)

June 9, 1959.

Rehearing Denied July 24, 1959.

Richard C. Turner, of Council Bluffs, and Willard M. Freed, of Gowrie, for appellant.

James Van Ginkel, County Attorney, Cass County, Kenneth Sacks, County Attorney, Pottawattamie County, and Roscoe S. Jones, of Atlantic, for appellees. ·

HAYS, J.—The Board of Directors of Lewis Consolidated School District, Cass County, Iowa, filed with the County Superintendent of Schools of Cass County, a petition asking for the formation of a Community School District embracing territory in both Cass and Pottawattamie Counties as authorized by chapter 275, Code of 1958. After a hearing before the joint county boards, the petition was dismissed. On appeal to the State Department of Public Instruction the dismissal was affirmed. Appeal was then taken to the Cass District Court.

Preliminary to a hearing upon the merits the trial court, under rule 105, R. C. P., held it did not have jurisdiction or authority to approve the original petition as filed and fix and determine the boundaries of the proposed district. It also held that the appeal was triable only upon the record made by the joint boards and the state department, rule 368, R. C. P., not being applicable. Thereafter plaintiff was granted right to appeal by this court.

I. Does the trial court have jurisdiction or authority to approve the original petition as filed and fix the boundaries of a proposed school where, as here, the petition was dismissed by the joint boards?

Section 275.15, where the proposed district embraces territory in one county only, in part provides, "the county board of education shall review the matter on its merits * * * and shall enter an order fixing such boundaries * * * as will in its judgment be for the best interests of all parties concerned * * * or dismiss the petition." It further provides for an appeal to a court of record from such action of the county board.

Section 275.16, where the proposed district includes land in two or more counties, in part states: "* * * it [the joint

boards] shall determine and fix the boundaries * * * as provided in section 275.15 or dismiss the petition." It further provides for an appeal to the State Department of Public Instruction, which department is given authority "to affirm the action of the joint boards, to vacate, to dismiss all proceedings or to make such modification of the action of the joint boards as in their judgment would serve the best interest of all the counties." Further appeal to a court of record is authorized with such court on appeal having "the same authority as is granted in this section to the state department of public instruction."

All parties seem to agree that the meaning of the words "to make such modification of the action of the joint boards" is the pivotal question under this division of the appeal.

"Modification" as defined in 58 C. J. S., page 840, means: "A change; a partial alteration; an alteration which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject matter intact." "Modify", according to Webster's New International Dictionary, means "To change somewhat the form or qualities of; to alter somewhat, as to modify the terms of a contract." Van Deusen v. Ruth, 343 Mo. 1096, 1101, 125 S.W.2d 1, 3, states: "* * * to modify implies the existence of the subject matter to be modified, the word implies no power to create or to bring into existence, but only the power to change or vary in some particular an already created or legally existing thing." See also Jarman v. Collins-Hill Lumber & Coal Co., 226 Iowa 1247, 286 N.W. 526; In re Independent Consol. Sch. Dist., 241 Minn. 454, 63 N.W.2d 543; Smith v. Ray, 149 Ohio St. 394, 79 N.E.2d 116.

As before stated, the joint boards dismissed the petition which under the recognized meaning of the term "modification" left nothing to be modified. In order for the trial court to fix the boundaries as petitioned for, which was what plaintiff requests the court to do, it would first be necessary for the court to create and give legal standing to that which, by the action of the joint boards, did not exist. Under the limited power of the court and under the relief asked the ruling of the trial court was correct.

While appellees discuss in their brief the question of the

power to fix boundaries being legislative and not judicial, thus barring the court from acting, in view of what we have heretofore said we do not deem it necessary to comment thereon.

II. Is the hearing before the trial court, on appeal, governed by rule 368, R. C. P., or is it to be upon the record made before the joint boards?

Rule 368, R. C. P., entitled Appeal to district court from administrative body, is as follows: "Where appeal to the district court from an action or decision of any * * * board is provided for by statute and the statute does not provide for the formulation of issues either before such * * * board, or in the district court, the appellant shall file a petition in the district court * * * . The appellee shall file motion or an answer to such petition * * *. Thereafter the rules of pleading and procedure in actions in the district court shall be applicable."

Appellant filed a petition in the district court and as a basis therefor cites the cases of Howell School Board v. Hubbartt, 246 Iowa 1265, 70 N.W.2d 531, and Mason v. World War II Service Comp. Bd., 243 Iowa 341, 51 N.W.2d 432. The latter case is under a statute that states the appeal is to be heard de novo and clearly is not in point. The Howell case involves section 285.12, Code of 1954, and there it was held that the provisions of rule 368, R. C. P., were applicable. In addition to stating that no statutory provision was made for the formulation of issues in the district court there was also no provision for the certifying to the trial court the proceeding made below. As to the certification of the record the cited case and the instant case are alike (the record shows that the court ordered such certification be made), but the similarity ends there. We deem the absence of such a provision to be of no importance as no reference to such appears in the rule.

Section 275.12 requires the filing of a petition showing, among other things, that section 275.8 has been complied with. Section 275.13 requires that an affidavit setting forth certain facts must accompany the petition. Section 275.14 provides for the giving of notice of a hearing and fixing the time within which written objections may be filed. Section 275.15 states that on the date set for the hearing interested parties may present evidence and arguments and that the board shall review the

matter on its merits. It would appear from the above statutory requirements that the procedure and the formulation of issues before the joint boards is rather specifically spelled out, thus eliminating the operation of rule 368, R. C. P. In line with this view, see In re Election Contest of Burchett (Burchett v. Hill), 240 Iowa 1312, 39 N.W.2d 305.

Finding no error, the rulings of the trial court are affirmed. —Affirmed.

All JUSTICES concur.